MARTIN L. RUST, TRUSTEE, RESPONDENT, v. KENMARE INVESTMENT COMPANY, A CORPORATION, APPELLANT; GENEVA INVESTMENT COMPANY, A CORPORATION, APPELLANT.—136 S. W. (2d) 355.

St. Louis Court of Appeals.   Opinion filed February 6, 1940.

*Boudreau & Kramer* for appellants.

506

*Paul Dillon* for respondent.

BECKER, J.—Respondent has filed a short and concise statement of facts sufficient to understand the issues to be determined here on appeal. We adopt it in effect, though not *in haec verba*.

Plaintiff in the circuit court, respondent here, filed two suits, which are consolidated here by stipulation, in both of which suits plaintiff, as trustee named in certain deeds of trust, sought to foreclose, by a bill in equity, certain pieces of property conveyed to him in trust to secure a series of notes, which notes, both principal as well as interest, in all instances but one, were past due, and taxes on each of the properties had been in default for several years.

The bills asked for an accounting and for judgment against defendants for the amounts found due from them; and that the court

determine the amount due each note holder and what sum shall be allowed the trustee for his services; and for an order directing that the properties be sold, and how the proceeds of sale shall be applied; and for an order on defendants to show cause why a receiver *pendente lite* should not be appointed. The court thereupon issued an order to show cause, to which the defendants filed a return setting up that plaintiff's petitions were insufficient in law to constitute a jurisdictional basis for the award of any decree to plaintiff on the alleged principal cause, and that the allegations of the petition wholly failed to state a basis for, or a showing of a present necessity for the appointment of a receiver *pendente lite*, and alleged that plaintiff himself was in possession, control and management of the property.

The order to show cause came on for hearing on August 3, 1936. A witness for plaintiff testified that the principal and interest notes of each of the loans, with the exception of one, were in default, and that the taxes remained unpaid for several years on each piece of property. Defendants at that time offered no evidence. The court thereupon appointed a receiver *pendente lite* but later, on motion of defendants, the court set aside its said order and permitted defendants to adduce as evidence, over the objection of plaintiff, certain documentary evidence and depositions taken by defendants. The orders to show cause were then argued, resubmitted and briefed, and the court in due time appointed a temporary receiver. Defendants filed respective motions to revoke the order appointing a temporary receiver, each of which in due course was overruled. Thereupon defendants respectively appealed from the order of the circuit court refusing to revoke its interlocutory order appointing the receiver.

The question before us on this appeal is whether or not sections 3060 and 3063, Revised Statutes Missouri 1929 (Mo. Stat. Ann., secs. 3060 and 3063, pp. 1890 and 1893) authorize a named trustee in a deed of trust to file a bill in equity to foreclose the same.

"Sec. 3060. Petition to foreclose, where filed.—All mortgagees of real estate or personal estate, including leasehold interests, when the debt or damages secured amounts to fifty dollars or more, may file a petition in the office of the circuit court against the mortgagor and the actual tenants or occupiers of such real estate, or persons in possession of personal property, setting forth the substance of the mortgage deed, and praying that judgment may be rendered for the debt or damages, and that the equity of redemption may be foreclosed, and the mortgaged property sold to satisfy the amount due."

"Sec. 3063. Foreclosures—how made, etc.—redemption.—Deeds of trust in the nature of mortgages of lands may, in addition to being foreclosable by suit, be also foreclosed by trustee's sale at the option of the holder of the debt or obligation thereby secured and the mortgaged property sold by the trustee or his successor in the same manner and in all respects as in case of mortgages with power of sale; . . ."

Section 3060 specifically limits the right to file the character of action therein provided for to *"mortgagees,"* and section 3063 provides that deeds of trust in the nature of mortgages on land may, in addition to being foreclosable by suit, be also foreclosed by trustee's sale *at the option of the holder of the debt or obligation thereby secured,* and the mortgaged property sold by the trustees as provided for in cases of mortgages with power of sale.

It is thus apparent from a reading of these statutes that neither of them gives a named trustee in a deed of trust any authority, as such trustee on his own initiative, to file a bill in equity for foreclosure.

Our Supreme Court, in construing sections 2828 and 2829, Revised Statutes Missouri 1909 (Mo. Stat. Ann., secs. 3060 and 3063, pp. 1890 and 1892), section 2828 being identical with section 3060, Revised Statutes Missouri 1929, and section 2829 being the equivalent of our present section 3063, held that these two sections must be read together in order to get the full meaning of the latter section, and held that "when read together, section 2829 means that, if the *beneficiary* in the ordinary deed of trust prefers to foreclose by court action, then such *beneficiary* is the sole necessary party plaintiff, and the *maker of the deed of trust* the sole necessary party defendant, unless there are tenants (a question not involved here), in which case the tenants should be made parties defendant. *The statutes go no further.* . . .'. It is true that we say in cases that the trustee has the bare naked legal title, but, on the other hand, the trustee cannot divest himself of that bare naked legal title, nor the maker of the deed of trust of his equity of redemption save and except he be requested so to do by the beneficiary in the instrument. He (the trustee) can only act when he gets the command from the real party in interest; i. e., the beneficiary. But, as said above, this statute (section 2829, *supra*) contemplates two methods of reaching the same end. In one the trustee is a factor because *at the request of the beneficiary* he must sell the property and pass title. In the other the *beneficiary* is permitted to act for himself and have the sale made under a decree of court. Both sales obtain the same result." And the court specifically ruled that section 2829, Revised Statutes Missouri 1909 (the equivalent of section 3063 of our present statutes) precluded the trustee from being a party plaintiff, and that the trustee "serves no useful purpose as a party defendant." [Sanders v. Kaster (Mo.), 222 S. W. 133.]

The record discloses that there is ample authority given the trustee by the terms of each of the several deeds of trust to act in case of default on the part of the mortgagor. If there is a default in the payment of any interest or taxes when they fall due, and such default continues for ten days, the named trustee in the deed of trust *"in his discretion and without any action on the part of the holders of any note may,* and upon the written request of not less than one-fourth in

amount of the notes then outstanding shall . . . *declare the principal and all notes hereby secured and then outstanding to be due and payable immediately,"* and he *"shall be entitled to take actual possession of the premises as for condition broken,"* and he may "enter upon, . . . take and maintain" possession, "hold, manage and operate said premises and collect the rents and profits thereof and lease the same in such parcels and for such times and upon such terms as he may see fit, and employ such labor, help and assistants that may be necessary to maintain and operate the premises, and may cancel any lease or sublease for any cause or on any ground which would entitle the grantor to cancel the same, and may sign the name of the grantor, its officers and assigns, to all papers and documents in connection with such operation and shall, after paying out of the revenue from said premises, including insurance premiums and including the cost of such employees, repairs, replacements, alterations and useful additions as may seem to him proper and judicious, and all taxes, assessments, or charges of liens, upon said premises or any part thereof, together with reasonable attorneys' fees, and after retaining five per cent of all amounts collected as trustee's fees for his services in that behalf, and such further sum as may be sufficient to indemnify the trustee against any liability, loss or damage on account of any matter or thing done in good faith in pursuance of the duties of the trustee, hereunder, apply the residue, if any, first to the repayment of all sums of money advanced by the trustee, or any note holder under the provisions hereof, together with interest thereon as hereinbefore provided, and next to the payment of the defaulted coupons, if any, in the order of their maturity, with interest thereon at the rate of eight per cent per annum, from the date of maturity thereof, and next to the payment of accrued interest on notes which shall have become due by lapse of time or declaration, and next to the payment of the principal of those of said notes, if any, then matured by lapse of time or declaration, and unpaid, in every instance such payment to be ratably to the persons entitled thereto, without discrimination or preference. Upon the payment in full of whatever may be due for principal or interest on said notes, or be payable for any other purpose, before any sale of the premises, the trustee, after making such provisions as to him may seem advisable for the payment of the next semiannual installment of interest and principal shall restore to the grantor the possession of said property which shall thenceforth be subject to this indenture as if such entry had not been made."

So too, each of the deeds of trust with respect to the enforcement of the security of the deeds of trust provide that, upon default authorizing enforcement, *the trustee may "proceed to sell the property therein conveyed, or any part thereof, at public vendue or outcry,"* naming the place, *"to the highest bidder for cash,"* upon giving specific notice and then designate the priorities and manner in which

the trustee shall apply and distribute the proceeds of the sale. But none of the several deeds of trust provides that the trustee, in the event of a default on the part of the mortgagor, may file a bill in equity to foreclose. In light of the language of sections 3060 and 3063, Revised Statutes Missouri 1929 (Mo. Stat. Ann., secs. 3060 and 3063, pp. 1890, 1892), and the case cited hereinabove, we are of the view, and so hold, that no authority is vested in the named trustee in a deed of trust by either of said sections to bring an action thereunder as such named trustee.

"But" says respondent, "let us, for the sake of argument, admit that the trustee is not a proper party. The respondent contends that defendants in each case, by filing returns to the orders to show cause, and not raising such question as to the real party in interest, waived same." The point is without merit, for in each of the cases before us the defendant filed "its entry of appearance and return to the order to show cause why a receiver *pendente lite* should not be appointed," and therein sets out various grounds why a receiver *pendente lite* should not be appointed. They are in substance as follows: One, that plaintiff's petitions are insufficient in law to constitute a jurisdictional basis for an award of any decree to plaintiff on the alleged principal cause; second, that the allegations of the petition wholly fail to state a basis for or a showing of present necessity for the appointment of a receiver *pendente lite*; and, third, an allegation that plaintiff himself presently was in possession, control and management of the property.

The record further discloses that when the case was called for hearing on the order to show cause, and defendants' return thereto, counsel for the defendants presented a demurrer *ore tenus* objecting to the introduction of any evidence in support of the application for the appointment of a temporary receiver on the ground that plaintiff's petition did not state any facts which would give jurisdiction to the court to appoint a receiver. This objection was overruled and exception thereto saved.

We have discussed the merits of this case only so far as it has become necessary to the questions involved on this appeal.

It follows from the views hereinabove expressed that the action of the trial court in appointing a temporary receiver was void for want of jurisdiction so to do, and that it erred in refusing to discharge the temporary receiver on motion of the defendants, and that its judgment in so doing should be reversed. It is so ordered. *McCullen, J.*, concurs; *Hughes, P. J.*, not sitting because not a member of the court at the time of the submission of the case.